## RIGHT OF APPEAL WHERE LAND IS APPROPRIATED FOR PARK PURPOSES.

Circuit Court of Summit County.

MARY V. MILLER v. THE CITY OF AKRON.

Decided, April 15, 1907.

*Eminent Domain—Appeal to Common Pleas from Probate Court.*

An appeal under Section 6408, Revised Statutes, may be had to. the common pleas court from a decision of the probate court assessing compensation to be paid by a municipality for land appropriated by it for park purposes.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

The sole question raised by these proceedings in error is whether an appeal lies to the common pleas court from a verdict and judgment in the probate court, assessing the compensation to be paid for land appropriated by a municipality for park purposes.

Previous to the enactment of the municipal code in October, 1902, the right of appeal in such cases was granted by Section 2254, Revised Statutes, and the manner in which such appeal might be perfected was prescribed by Sections 2255 to 2259 inclusive. The new municipal code re-enacted the provision of Section 2254, granting the right of appeal (Section 1536-114, Revised Statutes), but repealed the other sections specifying the *manner* in which the appeal might be perfected. From this situation the city solicitor concludes that such cases no longer be appealed, and he is right in his conclusion and sustained by a former ruling of this court in the case of *State, ex rel,* v. *Hanousek,* unless other sections of the statutes provide the method of bringing such cases into the appellate court. Manifestly the Legislature did not intend to take away the right of appeal, and was of the opinion that other sections fully provide the procedure in appeal, for otherwise it would not have re-enacted Section 2254. Having in mind this intention of the

Legislature and its judgment, we are called upon to examine Sections 6407 and 6408, Revised Statutes, which plaintiff in error claims are applicable to this case.

Section 6408 provides what steps shall be taken by "the person desiring to take an appeal, as provided in the preceding section."

Section 6407 provides: "In addition to cases specially provided for, appeals may be taken to the common pleas court," from the probate court in eight classes of cases, to no one of which this case belongs.

In addition to cases brought in the probate court by municipalities for the appropriation of land, there are several other statutes which provide the right of appeal in special cases. Some of these statutes provide that the appeal shall be perfected "as in other cases," undoubtedly referring to Section 6408 *et seq.*, and some set forth the procedure.

From this we conclude that the general procedure on appeal is regulated by Section 6408, for all cases where special procedure is not provided. To hold otherwise, and to limit the aplication of the provisions of Section 6408 to the eight classes of cases as to which the right of appeal is "provided in the preceding section," *i. e.*, Section 6407, would be to take away the right of appeal in many cases by a strict and literal reading of a legislative act, without regard to the manifest intention of the Legislature. We see no necessity for so holding, and thus nullifying not only Section 1536-114 which governs this case, but many other statutes of like import.

The Hanousek case is not in point. When the Legislature created the insolvency court in Cuyahoga county, and provided that appeals might be taken to it from judgments of justices of the peace, without providing how such appeals should be taken, there were no other statutes applicable to the case, and the court properly held:

"If the jurisdiction is conferred by statute, then the court, if no method is prescribed for bringing a case before it on appeal or error, is powerless to prescribe any method by rules or regulations, either in matters of appeal or matters of error, and such court acquires no jurisdiction of such cases."

In the case at bar the only question is whether the general procedure as prescribed by statutes in force, regulating appeals from the probate court to the common pleas court, apply where the intention of the Legislature is manifest that they should apply, but the wording of the law is doubtful.

The right to appeal being plain, a liberal construction should be put upon the law providing the remedy.

We therefore hold that plaintiff in error was entitled to appeal her case to the common pleas court, and that the said court erred in dismissing her appeal.

Judgment reversed, and cause remanded to the common pleas court for further proceedings.